(No. 21054.
Anton Mosbacher, Appellee, *vs*. Tillie Mees *et al.*
Appellants.

*Opinion filed December 17, 1931—Rehearing denied Feb. 5, 1932.*

P. K. Johnson, and Harry E. Jackson, for appellants.

Farmer & Klingel, for appellee.

Mr. Justice Heard delivered the opinion of the court:

Appellee, Anton Mosbacher, filed his bill of complaint in chancery in the circuit court of Monroe county against appellants, Tillie Mees and Herman Mees, her husband, seeking to have a resulting trust declared in appellee's favor in certain real estate the title to which was of record in the name of Mrs. Mees in the office of the recorder of deeds of that county. Appellants answered, denying appellee's right to the relief sought. The evidence was heard by the chancellor in open court and a decree was entered declaring the trust in accordance with the prayer of the bill.

Appellee, a farmer, seventy-seven years old, in 1927 sold his farm and implements for $5000 and placed the money in the First National Bank at Columbia. After the sale of the farm he and his wife moved to the home of appellants in the village of Columbia, in Monroe county, and had two rooms there. His wife died in March, 1928, and he continued to occupy the rooms. On March 7, 1929, he drew out

his entire balance from the bank in cash. He testified that he took the amount of $3450 to his home and kept it in cash in a paper shoe-box, which was placed in a wardrobe; that after he drew out his money, John Weissler, a merchant of Columbia, came to him one evening at a time when he was sick in bed and obtained from him a loan of $400; that Mrs. Mees was present and at his request got the box, with the money in it, and counted out $400, which was given to Weissler; that afterwards, when he was feeling somewhat better, he looked for the money, which he says amounted to $3050, in his box and the money was gone; that he immediately went to Mrs. Mees and asked her if anyone had gone up-stairs, and she told him no; that she took his money because she was afraid it would be stolen and that she had taken it to the Monroe County Savings Bank and had put it in his name; that a few days afterwards she made a trip from Columbia to Waterloo, the county seat, and when she came back she told him that she had bought Mrs. Joseph's place and paid cash, and that when he asked her how she could pay cash, she told him that she took the money she had got from him and paid for the place.

It is not in dispute in the case that on April 16, 1929, Mrs. Mees deposited $3050 in the Monroe County Savings Bank and Trust Company; that on April 29, 1929, she withdrew this money, taking a draft for $2800 and the balance in cash; that on the same day she closed a deal at the office of Louis Weihl, recorder of deeds of Monroe county, with Mrs. Elizabeth Joseph for the purchase of the premises described in the bill of complaint, and that on that day she obtained from Mrs. Joseph a warranty deed for said premises and paid her $2800 by the draft issued by the Monroe County Bank.

Tillie Mees denied taking the $3050 from appellee and introduced her husband, mother and another witness, who testified that she and her husband borrowed $3300 on an unsecured note from a Belleville business man. The testi-

mony of appellee and Mrs. Mees was in direct conflict, and no good purpose would be subserved by a detailed analysis of the testimony.

The court, among other things, in its decree found "that on the 7th day of March, 1929, complainant was the owner of and possessed of cash money in the sum of, to-wit, $3050, which fact, together with the place where he kept the same, was well known to the defendant Tillie Mees; that the said Tillie Mees afterwards, to-wit, on the 16th day of April, 1929, fraudulently and surreptitiously, and without the knowledge or consent of complainant, Anton Mosbacher, obtained possession of said cash money and deposited same in bank in her own name and as her own property; that afterwards, to-wit, on the 29th day of April, A. D. 1929, the said Tillie Mees acquired from Elizabeth Joseph by warranty deed, for the expressed consideration of one dollar ($1.00) but for the actual consideration of twenty-eight hundred dollars ($2800), the following described premises, to-wit," describing the premises in question. The decree finds that the money paid by Mrs. Mees for said land was the money of complainant, obtained in the manner aforesaid and was used for said purpose without the knowledge or consent of complainant, and the title to said premises should have been taken by Mrs. Mees in the name of complainant, whose money was used for the purchase of the same; that Mrs. Mees and her husband are now in possession of said premises and claim title thereto in fee, and that they have refused to recognize complainant's rights or restore to him either the money or the property purchased with the same, although demand has repeatedly been made therefor; that by reason of the premises a resulting trust was created in favor of complainant, whereby in law, equity and good conscience he is entitled to both the legal and equitable title to said described real estate; that the same is held by Mrs. Mees in trust for the complainant and that he is entitled to have the same conveyed to him.

The chancellor saw and heard the witnesses. The facts were sharply controverted. His findings were based entirely upon the credibility of the various witnesses appearing before him. The chancellor, who heard the witnesses testify in open court, is better able to determine the credibility and weight to be given the testimony than a reviewing court. In this State the rule is too well settled to require or justify the citation of authorities, that where a decision depends upon the credibility of witnesses the finding of the chancellor will not be reversed unless it is clearly manifest that a palpable error has been committed. From a review of the evidence in this case we cannot say that such error has been committed.

The decree of the circuit court is affirmed.

*Decree affirmed.*